NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FEB 13 2024

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| LUIS FERNANDO MORALES VALENCIA, | No. 22-1958 |
| Petitioner, | Agency No. A200-155-772 |
| v. | MEMORANDUM* |
| MERRICK B. GARLAND, Attorney General, | |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted February 9, 2024**
Pasadena, California

Before: SCHROEDER, BUMATAY, and MENDOZA, Circuit Judges.

Petitioner Luis Fernando Morales Valencia ("Valencia") seeks review of a

decision by the Board of Immigration Appeals ("BIA") affirming a decision by an

Immigration Judge ("IJ") denying him an additional continuance. We review an

---

*        This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

**        The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

agency's decision to deny a continuance for abuse of discretion. *Cui v. Mukasey*, 538 F.3d 1289, 1290 (9th Cir. 2008). We have jurisdiction under 8 U.S.C. § 1252, and we deny the petition for review.

Here, the IJ did not abuse its discretion in denying Valencia a continuance. 8 C.F.R. § 1003.29 permits an agency to grant a continuance where good cause is shown. In determining whether a continuance is appropriate, courts consider a number of factors, including: "(1) the importance of the evidence, (2) the unreasonableness of the immigrant's conduct, (3) the inconvenience to the court, and (4) the number of continuances previously granted." *Cui*, 538 F.3d at 1292. The decision to grant a continuance is committed to the sound discretion of the agency. *Sandoval-Luna v. Mukasey*, 526 F.3d 1243, 1247 (9th Cir. 2008). The agency abuses that discretion where it acts arbitrarily, irrationally, or contrary to law. *Avagyan v. Holder*, 646 F.3d 672, 678 (9th Cir. 2011).

The timeline of relevant events underscores the reasonableness of the IJ's decision not to grant Valencia another continuance. When the IJ denied Valencia a continuance in September 2019, Valencia had been in removal proceedings for over seven years and without counsel for over two years. The IJ had administratively closed proceedings once and continued proceedings twice, one time explicitly so Valencia could get an attorney. But Valencia did not obtain counsel in his extra time. Seven years and three delays later, it was not

2

unreasonable for the IJ to want to get the show on the road. *See Gonzalez-Veliz v. Garland*, 996 F.3d 942, 949 (9th Cir. 2021) (holding that it was not an abuse of discretion to deny a request for more time to obtain an attorney after the IJ had already granted a two-month continuance for that purpose). Viewed in context, the IJ did not act arbitrarily, irrationally, or contrary to law in denying the continuance. *See Avagyan*, 646 F.3d at 678.

Valencia protests that the IJ abused its discretion because he had demonstrated good cause for a continuance, namely that he had been in an accident and was unable to work and earn money to hire an attorney. But Valencia's bare allegation that he had been in an accident that prevented him from securing counsel does not amount to good cause. *See* 8 C.F.R. § 1003.29. He did not elaborate on the circumstances surrounding his accident, the nature of his injuries, or their impact on his ability to work for ten months. In light of those shortcomings, it was not an abuse of discretion for the IJ to determine that Valencia had not demonstrated good cause for a continuance. *See Avagyan*, 646 F.3d at 678.

Finally, even if the IJ erred in denying Valencia an additional continuance, that error was harmless because Valencia had not submitted an application for relief from removal. If Valencia had submitted an application for relief, the BIA reasonably determined that he would not have been eligible.

**PETITION DENIED.**